UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN KEITH STAFFORD,<br><br>Petitioner,<br><br>v.<br><br>G. MATTESON,<br><br>Respondent. | No. 2:20-cv-1618 CKD P<br><br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a California prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 together with a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Examination of the request to proceed in forma pauperis reveals that petitioner is unable to afford the costs of suit. Accordingly, the request for leave to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

Under Rule 4 of the Rules Governing Section 2254 Cases, the court must review all petitions for writ of habeas corpus and summarily dismiss any petition if it is plain that the petitioner is not entitled to relief. The court has conducted the review required under Rule 4.

Petitioner alleges he has been unlawfully denied parole. To the extent petitioner alleges his being denied parole violates California law, petitioner is not entitled to relief in this court as a federal habeas petition can only be granted upon a violation of federal law. 28 U.S.C. 2254(a).

/////

Petitioner's federal rights with respect to California parole proceedings are limited. Petitioner does have a liberty interest in parole protected by the Due Process Clause of the Fourteenth Amendment. Swarthout v. Cooke, 131 S. Ct. 859, 861–62 (2011). However, the procedural protections which must be afforded are limited to "an opportunity to be heard" at a parole hearing and that the potential parolee be "provided a statement of the reasons why parole was denied." Id. at 862. The Supreme Court has specifically rejected the notion that a federal court may review the sufficiency of the evidence upon which a denial of parole is based. Id. at 862–63. In his petition, petitioner does not allege he was denied any process at his parole hearing guaranteed under the Fourteenth Amendment.

Petitioner is serving a sentence of 33-years-to-life imprisonment for first degree murder. Petitioner has served approximately 30 years of his sentence and alleges the time he has actually served amounts to cruel and unusual punishment in violation of the Eighth Amendment. However, petitioner has no federal right to be released from prison prior to the expiration of a lawful sentence. Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979).

In light of the foregoing, and because plaintiff fails to assert any other arguable violations of federal law, the court will recommend that petitioner's petition for writ of habeas corpus be summarily dismissed.

Accordingly, IT IS HERBY ORDERED that:

1. Petitioner's request for leave to proceed in forma pauperis (ECF No. 9) is granted; and

2. The Clerk of the Court assign a district court judge to this case.

IT IS HEREBY RECOMMENDED that:

1. Petitioner's petition for writ of habeas corpus be summarily dismissed; and

2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." In his objections, petitioner may address whether a

certificate of appealability should issue in the event he files an appeal of the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).  Where, as here, a habeas petition is dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show:  (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling;' and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'"  Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).   Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  September 29, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
staff1618.bop

3